**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-2084

JAMES PAUL MAYER,

Plaintiff - Appellant,

v.

WILLIAM A. BRANDSTETTER, II; MARIAN M. HOLLERAN; JOHN
HOLLERAN; RICHARD GEORGE MAYER; EILEEN WAGNER; CAROL
SCHARER; DONALD SCHARER; LAURA DALY; GAIL ROBERTSON; JESSICA
HUTCHISON; LAWRENCE J. O'TOOLE, Judge; ANGELEA ALLEN MITAS;
MARK G. WEITZMAN; OFFICE OF THE DISTRICT ATTORNEY; REGIS J.
SCHNIPPERT,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (7:09-cv-00123-BO)

Submitted: November 19, 2009        Decided: December 1, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Paul Mayer, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Paul Mayer appeals the district court's order denying relief on his civil complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2006). The magistrate judge recommended that relief be denied and advised Mayer that failure to file timely and specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Mayer failed to file specific objections to the magistrate judge's recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Mayer has waived appellate review by failing to timely file specific objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2